ATLAS FINANCIAL CORPORATION, Respondent, *v.* SARAH EZRINE, Appellant.

ATLAS FINANCIAL CORPORATION, Respondent, *v.* IVAN A. EZRINE, Appellant.

First Department, June 21, 1973.

*Burton H. Brody* for appellants.

*Edward J. Boyle* of counsel (*Shearman & Sterling,* attorneys), for respondent.

STEVENS, P. J. This is an appeal by defendants in these consolidated actions from a judgment entered June 23, 1972, in New York County, in favor of plaintiff Atlas Financial Corporation (Atlas) in the total sum of $259,248.47 after a nonjury trial (SPIEGEL, J.).

The original action was based on two Pennsylvania judgments by confession (conjoint judgments) entered, (one judgment against each defendant) pursuant to powers of attorney

contained in a guarantee executed by defendants on or about July 6, 1963. Defendants guaranteed payment of a loan by Atlas to Factory Realty Corporation (Factory), and the guarantee was to be governed by the laws of Pennsylvania. By the terms of the agreement dated July 3, 1963, Atlas Credit Corporation, predecessor in interest of Atlas, loaned $520,000 to Factory, which sum was to be repaid together with interest of $182,000 in 60 successive monthly installments of $11,700 each commencing August 3, 1963. As security, in addition to the individual guarantees, Atlas received a mortgage upon certain property of Factory and a mortgage note for $702,000, a guarantee by Kemline Industries, Inc. (Kemline), sole shareholder of Factory, together with a chattel mortgage from Kemline, and other items.

Effective December 3, 1963, Factory defaulted in its obligations under the mortgage note, at which time, by the terms of said note, Atlas was owed $655,200, with interest of 7%, payment of the indebtedness being accelerated. Since December 3, 1963 Atlas has received additional total payments of $554,446.50 of which sum it allocated $77,482.57 as interest payments computed in addition to the $182,000 of interest already charged. At the time of the trial Atlas had received total payments of $601,246.50 against its original disbursement of $520,000. As a result of foreclosure of certain realty and machinery, and a resale of certain property of Kemline, both purchased by Atlas at a sheriff's sale, Atlas received the bulk of the funds. The dates and amounts received are set forth in a statement of stipulated facts.

Atlas claimed that there remained due under the mortgage note the principal sum of $178,238.07, with interest at 7% from December 29, 1965, and this view prevailed at trial. The net result is that Atlas for a loan of $520,000 would receive a total of $860,494.97 or $340,494.97 additional.

The 60 notes were payable over a five-year period and each carried built-in interest along with some payment on the principal debt. However, by acceleration of payments upon default the principal sum ceased to be at risk some years prior to the time contemplated by the contract.

Defendants-appellants urge that unearned interest should not be allowed from the date of acceleration upon default and that Atlas is entitled only to the interest rate provided in the contract. Otherwise, Atlas is collecting interest upon interest.

By the terms of the guarantee Pennsylvania law is to govern the construction of the contract and is applicable as well to any

defense interposed. The difficulty here is that no one states what is Pennsylvania law with respect to recovery of unearned interest after acceleration, plus interest thereon, or whether unearned interest should be deducted upon acceleration and allowed as a credit. The court is mandated to take judicial notice of Pennsylvania law even without request therefor (CPLR 4511, subd. [b]). There does not seem to be any statute governing the question and no Pennsylvania decision in point is cited. The point now being in issue and Atlas relying thereon, it is incumbent upon Atlas to furnish some details with respect thereto (cf. *Haines v. Cook Elec. Co.*, 20 A D 2d 517). Since no Pennsylvania law is cited by Atlas or proof given in support of its position, we might presume that Pennsylvania law on the subject is the same as New York law (see, *Read v. Lehigh Val. R. R. Co.*, 284 N. Y. 435, 441; *Zwirn v. Galento*, 288 N. Y. 428, 432).

The better rule would seem to allow the unpaid balance of the principal and the matured interest up to the time of payment, excluding the unearned interest at that time. In *Berman v. Schwartz* (59 Misc 2d 184, 186, affd. 33 A D 2d 673) GELLER, J., termed such a rule "plain and just" and observed "The mere fact that the total interest is computed in advance and added in equal proportions to and included in the face amount of the notes, as a form of prepaid interest or discount, does not change the equitable principle that the unearned part of the interest must be deducted upon acceleration and payment of an indebtedness prior to maturity". The fact that in the case cited the total sum plus a surplus was realized from the auction sale, does not warrant a negation of the principle or its rejection in the instant case. (Cf. *Franklin Nat. Bank v. Capobianco*, 51 Misc 2d 30.)

Appellants are entitled to receive credit for the portion of the defaulted notes representing unearned interest from and after the date of acceleration. Unpaid sums after such date bear interest at the stipulated rate of 7% per annum.

Judgment entered June 23, 1972, in New York County, after nonjury trial (SPIEGEL, J.) should be reversed on the law with a single bill of costs to appellants and the case remanded to Trial Term for a proper judgment to be calculated and determined in accordance with the rule herein set forth. Thereafter judgment shall be awarded and entered as so determined with respect to the party or parties and the amount.

MARKEWICH, NUNEZ, LANE and TILZER, JJ., concur.

Judgment, Supreme Court, New York County, entered on June 23, 1972, after nonjury trial, unanimously reversed, on the law, and the case remanded to Trial Term for a proper judgment to be calculated and determined in accordance with the rule set forth in the opinion of this court filed herein. Thereafter judgment shall be awarded and entered as so determined with respect to the party or parties and the amount. Appellants shall recover of respondent one bill of $60 costs and disbursements of this appeal.