Memorandum. Judgment and order unanimously reversed without costs and the matter remitted to the court below for an assessment of damages.
Defendants entered into a retail installment obligation for the purchase of a swimming pool in which $4,000 of the total price of $4,100 was to be financed. By the terms of the obligation, which contained an acceleration clause upon default, defendants were to make 84 monthly installments of $75.76 for a total of $6,363.84. Judgment was entered for $4,651.31, the balance due, plus a delinquency charge, when defendants defaulted after making 23 payments.
The effect of an acceleration clause on a finance charge contained in a retail installment obligation appears to be a case of first impression. Although a service or finance charge is not synonymous with interest (see Zachary v Macy & Co., 31 NY2d 443; Hogg v Ruffner, 66 US 115; see, also, Tierney v Bajowski, 233 App Div 766, affd 258 NY 563), we believe the laws with respect to installment obligations whose maturity is accelerated upon default should be similarly construed.
Where total interest is computed in advance and added in equal proportions to the face amount of each installment note as a form of prepaid interest, the rule in New York is that the unearned part of the interest, under equitable principles, must be deducted upon acceleration and payment of an indebtedness prior to maturity (Atlas Fin. Corp. v Ezrine, 42 AD2d 256; Berman v Schwartz, 59 Misc 2d 184, affd 33 AD2d 673). Finance charges should be treated similarly.
Concur: Hogan, P. J., Pittoni and Farley, JJ.