**George OKVAT, Plaintiff,**

v.

**PENN CENTRAL TRANSPORTATION COMPANY, Defendant & Third-Party Plaintiff,**

v.

**ASHLAND OIL CORP., Third-Party Defendant.**

**No. Civ. 75–396.**

United States District Court, W. D. New York.

June 30, 1977.

---

---

Gerard J. Lankes, Lankes, Semple & Waible, Buffalo, N.Y., for plaintiff.

Edmund S. Brown, Jr., Brown, Maloney, Gallup, Roach & Busteed, P.C., Buffalo, N.Y., for Penn Central.

Andrew Feldman, Ohlin, Damon, Morey, Sawyer & Moot, Buffalo, N.Y., for Ashland Oil.

MEMORANDUM and ORDER

ELFVIN, District Judge.

Pursuant to the Federal Employers' Liability Act, 45 U.S.C. §§ 51 et seq., plaintiff sued his former employer, the Penn Central Transportation Company ("Penn Central"), for injuries sustained during the course of his employment on land owned by the Ashland Oil and Refining Company, Inc. ("Ashland"). The injury was sustained while plaintiff was in the process of "throwing" a switch on a side track on Ashland's property in the process of Penn Central's moving its cars onto the side track to serve Ashland's requirements. The switch malfunctioned and plaintiff's hand was injured. Penn Central sought indemnity or contribution from Ashland based upon an agreement previously entered into by them. After a trial on the merits, the jury decided the respective liabilities of each party by returning specific answers to five interrogatories.[1] The parties then settled the issue of damages to be awarded plaintiff for his injuries and consented to a judgment of $4,500. Penn Central has satisfied this judgment. The sole question now before me is the proper allocation of damages between Penn Central and Ashland according to the indemnity clause of their side track agreement consistent with the findings of the jury.

Under the side track agreement, if plaintiff's injuries were caused by the sole negligence of Penn Central, its agents or em-

1. Was Penn Central, its employees or agents, including Ashland, guilty of negligence which played any part in its causing the occurrence in which its employee George Okvat was injured?

    Answer yes or no      <u>Yes</u>
(If your answer is "No" return a verdict for Penn Central and do not answer the remaining interrogatories. If your answer is "Yes", proceed with the remaining interrogatories.)

2. Was George Okvat guilty of negligence which contributed to the occurrence in whole or in part?

    Answer yes or no      <u>Yes</u>
(If your answer is "No", proceed to interrogatory # 4 and skip interrogatory # 3. If your answer is "Yes", proceed with the remaining interrogatories.)

3. What percentage of the total negligence do you attribute to George Okvat?

          <u>30</u> %

4. Was Ashland Oil or its employees guilty of negligence which played any part in causing the occurrence in which George Okvat was injured?

    Answer yes or no      <u>Yes</u>
(If the answer is "No", return a verdict for Ashland Oil and do not answer the remaining interrogatory. If the answer is "Yes", proceed with the remaining interrogatory.)

5. What percentage of the total negligence do you attribute solely to Ashland Oil or its employees?

          <u>70</u> %

ployees, Penn Central would assume full responsibility and could not seek indemnity or contribution from Ashland. If such injuries were caused by the sole negligence of Ashland, its agents or employees, Penn Central would be entitled to full and complete indemnity by Ashland. Furthermore, the agreement provided that, if the concurring negligence of both Penn Central and Ashland and/or their respective agents or *employees* contributed to and jointly caused plaintiff's injuries, they would share equally all losses, damages, claims and judgments regardless of the percentage of negligence attributable to each.

Based upon written interrogatories, the jury found that Penn Central, its employees and agents were negligent, that Ashland, its employees and agents were negligent and that plaintiff, a Penn Central employee, was contributorily negligent. They assigned 30% of the total negligence to plaintiff and 70% of the total negligence to Ashland. Because the jury found Penn Central negligent and also specifically assigned 100% of the total negligence to plaintiff and Ashland, they premised Penn Central's liability solely upon the acts or omissions of its agent, Ashland. This finding was in accordance with applicable principles of law and one that could be properly made based upon the evidence adduced at trial. Therefore, the jury's verdict was not in any way inconsistent or erroneous as a matter of law.

The side track agreement between Penn Central and Ashland is controlling on the question of whether Penn Central can recover in whole or in part from Ashland. *Ratigan v. New York Central Railroad Co.,* 291 F.2d 548 (2d Cir. 1961), *cert. den. sub nom. New York Central Railroad Company v. Interstate Commodities, Inc.,* 368 U.S. 891, 82 S.Ct. 144, 7 L.Ed.2d 89 (1961); *Emonz v. New York, N.H. & H.R. Co.,* 42 Misc.2d 957, 249 N.Y.S.2d 506 (S.Ct. Orange Co. 1964), *aff'd,* 24 A.D.2d 555, 260 N.Y.S.2d 611 (2d Dept. 1965). Pursuant to the indemnity provision of this agreement, Penn Central and Ashland agreed to share equally all judgments incurred as a result of plaintiff's injuries if the same were caused by their joint or concurring negligence.[2] It is significant that this provision, drafted by Penn Central, explicitly provided that the negligence of the parties' respective agents or *employees* was to be considered in determining whether either of them had committed any acts or omissions which would trigger the obligation to bear equally all losses, damages, claims and judgments. The term "employee" was not limited or restricted by the parties to exclude an injured employee who instituted a negligence action and who was found to have been contributorily negligent. Thus, it appears that the parties intended to include the negligence of all railroad employees, in applying this provision, including one who was injured and brought suit. Otherwise, the liability of each party would differ based upon the mere happenstance that the employee of the railroad whose negligence was a contributing cause of the accident was the injured plaintiff and not another. This inconsistency was not intended by the parties. The provision is a blanket one which does not contain any exceptions with respect to which railroad employee's acts or omissions may be considered.[3]

2. "Except as herein otherwise specifically provided * * * in respect of injury * * * persons caused by or in connection with the * * * operation, maintenance, [or] use * * of said track, (a) the RAILROAD COMPANY [Penn Central] shall assume responsibility for and hold the INDUSTRY [Ashland] harmless from all losses (including Workmen's Compensation), damages, claims and judgments arising from or growing out of the sole actionable acts or omissions of the RAILROAD COMPANY, its agents or employees; (b) the INDUSTRY shall assume the responsibility for and save the RAILROAD COMPANY harmless from all loss-

es (including Workmen's Compensation), damages, claims and judgments arising from or growing out of the sole actionable acts or omissions of the INDUSTRY, its agents or employees; and (c) the parties hereto shall equally bear all losses (including Workmen's Compensation), damages, claims and judgments arising from or growing out of the joint or concurring actionable acts or omissions of both parties hereto, their respective agents or employees."

3. It should also be noted that the disputed indemnity provision does not attempt to impute the negligence of a plaintiff-employee to a de-

In its answers to the interrogatories, the jury specifically found that plaintiff was negligent.[4] Plaintiff then was an employee of Penn Central. The jury also found that Ashland was negligent.[5] Therefore, according to the explicit terms of the side track agreement, Penn Central and Ashland (although unequally negligent) must bear equally the judgment in favor of plaintiff.

In view of the foregoing, it is

ORDERED that the judgment satisfied by Penn Central must be shared equally by both Penn Central and Ashland; and it is further

ORDERED that Ashland is liable to Penn Central in the amount of $2,250.

---

fendant-employer to establish the latter's liability. In such a situation, the negligence of the employee may not be imputed to establish the sole basis of the employer's negligence. *See, Finnegan v. Monongahela Connecting R. Co.,* 379 Pa. 63, 108 A.2d 321 (1954). Here, the contractual agreement between the parties merely provided that under certain conditions judgments would be borne by the party solely responsible for the railroad employee's injury and under other circumstances judgments would be shared equally.

4. This finding distinguishes the instant case from the factual situation presented to the Seventh Circuit Court of Appeals in *Baker v. Gulf,*

*Mobile & Ohio R.R. Co.,* 549 F.2d 804 (7 Cir. 1977) (unpublished opinion, but see National Association of Railroads Trial Counsels *The Bulletin,* Vol. 62, No. 1, pp. 556–57.)

5. Penn Central and Ashland stipulated, just prior to the commencement of the trial to determine the amount of plaintiff's damages, that plaintiff was to have a judgment against Penn Central in the amount of $4,500, leaving Penn Central and Ashland to my determination of their respective rights under their contract. A Satisfaction of said judgment was filed December 27, 1976. Such amount necessarily represents plaintiff's damages reduced *pro tanto.*