GOVERNMENT EMPLOYEES INSURANCE COMPANY, Appellant, v
MARY T. SHEERIN, Respondent, et al., Defendants.

Second Department, November 27, 1978

APPEARANCES OF COUNSEL

*Montfort, Healy, McGuire & Salley (E. Richard Rimmels, Jr.,* and *Robert J. Mettalia* of counsel), for appellant.

*David A. Ferdinand* and *Petersen, Steiner & Kohan* for respondent.

## OPINION OF THE COURT

MARGETT, J.

In this action by an insurer for a declaration that it validly canceled an automobile insurance policy delivered in New Jersey, to a person purportedly residing in that State and covering a vehicle registered in that State, the principal issue is whether Special Term erred in applying New York law notwithstanding counsel's extremely weak assertion that New Jersey law applies, and his failure to cite the law of that State.

In its complaint plaintiff, Government Employees Insurance Company (GEICO), alleges that it had issued a policy of insurance to defendant Mary T. Sheerin covering a vehicle registered in New Jersey. The complaint alleges that the policy was delivered in New Jersey and that defendant Sheerin had informed GEICO that her residence and/or mailing address was "R.D. #1, Box 416, Newton, New Jersey". These allegations are not denied by Ms. Sheerin's answer; nor does the answer state that defendant lacks knowledge or information sufficient to form a belief as to the truth of these allegations. Accordingly, defendant Sheerin is deemed to have admitted the foregoing allegations (see CPLR 3018, subd [a]).

The complaint goes on to allege that Ms. Sheerin actually resided in the City of New York. It continues by reciting that after Ms. Sheerin failed to pay the premium due, GEICO mailed a notice of cancellation to the aforesaid New Jersey address. The mailing was alleged to have taken place on December 8, 1975, and it purported to effect a cancellation of the policy on December 23, 1975. Thereafter, on April 25, 1976, defendant Sheerin was involved in a motor vehicle accident in Jamesport, New York. Plaintiff seeks a judgment decreeing that it has no obligation under any policy issued by it for or on account of the April 25, 1976 accident.

At the trial, the proof was that GEICO had first issued an automobile insurance policy to Ms. Sheerin in 1970, when she was a resident of New York. In 1974 she moved to Newton,

New Jersey, and registered her car in that State. Plaintiff renewed the policy for the period in question, July 2, 1975 to July 2, 1976. The policy for that period included the "New Jersey Basic Personal Injury Protection Amendment".

Ms. Sheerin's policy premium was payable in six installments. Premium bills were sent to her at the aforesaid New Jersey address and she paid the first two installments. A third installment bill was mailed on September 23, 1975, but payment was never received. On November 5, 1975 plaintiff mailed a cancellation notice to the address listed in the policy. The notice was returned to GEICO by the post office marked "Addressee unknown" and "Undeliverable as addressed". A second cancellation notice was mailed December 8, 1975, but this too was returned by the post office with the same markings. Cancellation pursuant to this second notice was to be effective December 23, 1975.

Defendant Sheerin testified that she regularly received mail at the New Jersey address during November and December, 1975, but denied receiving a cancellation notice. She stated she did not know in November of 1975 that a premium was due. She did not know why the post office would have returned an envelope sent to her at the New Jersey address.

At the commencement of the second day of the trial, counsel for the plaintiff made the following statement to the court: "I would want to point out to your Honor that I would assume that Jersey law would be controlling in this case." The court's response was: "Why do you assume that? Where did the accident occur?" Counsel answered: "In New York", whereupon the court stated: "Well, let's go on."

The court applied New York law and found that the presumption of notice contained, *inter alia,* in section 167-a (subd [7], par [b]) of the Insurance Law had been rebutted by the proof that the notices of cancellation were never delivered. The court determined that plaintiff is obligated to the defendant Sheerin in connection with the accident of April 25, 1976.

Plaintiff thereafter moved for an order directing that judgment be entered in its favor or, in the alternative, for a new trial. One of the bases of this motion was that the court had erred in not applying New Jersey law. It was submitted that under the common law of that State, mailing is sufficient to satisfy the cancellation provisions of an insurance policy.

This motion was denied with the court stating, *inter alia,* that plaintiff had "at all times relied on New York Law." It

charged that plaintiff "[n]ow * * * invokes New Jersey Law but does not cite any such law, and, if any, how it would differ in law or result." A judgment was subsequently entered dismissing the complaint and declaring that plaintiff was obligated to Ms. Sheerin "for and on account of the accident of April 25th, 1976". Plaintiff appeals from both the judgment and the order.

It is obvious that New Jersey law should have been applied in this case. Where the action is one involving the rights and duties of the parties to an automobile insurance contract, the law of the State where the policy was written, as evidence by the parties' understanding as to the principal location of the insured risk, would be controlling, irrespective of the fact that the accident occurred in another State (*New Amsterdam Cas. Co. v Stecker,* 3 NY2d 1; *Colonial Penn Ins. Co. v Minkoff,* 40 AD2d 819). At bar, New York's only connection with this dispute between insurer and insured is the site of the accident.

CPLR 4511 (subd [a]) provides that the courts "shall take judicial notice without request" of the laws of sister States. In *James v Powell* (19 NY2d 249), the plaintiff had alleged that defendants conveyed real property, owned by them in Puerto Rico, without consideration and with intent to defraud plaintiff by preventing the collection of a judgment obtained against one of the defendants in New York. Both parties "assumed" that the substantive law of New York was dispositive and both Special Term and the Appellate Division did, in fact, decide the case under such law. On appeal to the Court of Appeals, neither party argued or briefed the applicable law of Puerto Rico. Nevertheless, the Court of Appeals (p 259) held that the law of Puerto Rico was controlling and it remitted the case to the Supreme Court to "afford the parties an opportunity to address themselves to such law", some of whose sources were "presently available only in Spanish."

This is not to say that a court must, in all cases, make a *sua sponte* determination as to which law should properly apply. In the recent case of *Cousins v Instrument Flyers* (44 NY2d 698), there were contacts with a number of States. The plaintiff, a resident of New York, arranged in New York to rent an airplane from defendant Instrument Flyers, Inc., a closely held New Jersey corporation, whose president lived and worked in New York. The airplane, which had been manufactured in Florida by defendant Piper Aircraft, a Pennsylvania

corporation, was kept in a hangar and maintained in Teterboro Airport in New Jersey. On the day of the accident, plaintiff flew the airplane from Teterboro Airport to New York, where he made a stop at Flushing Airport, and then another at Westchester County Airport, where he picked up a passenger for a scheduled trip to Michigan. A stopover was scheduled in Ohio. Plaintiff's apparent contributory negligence probably began while he was in New York and continued until the airplane crashed in Pennsylvania.

At the trial the parties and the court proceeded "reasonably, in view of the many relevant factors, assuming that New York law would apply" (44 NY2d, at p 700). Only after all the proof had been received—proof which established that plaintiff had been contributorily negligent—did plaintiff's counsel suggest application of Pennsylvania law, which evidently would not have barred recovery. The application was denied and the Court of Appeals agreed with this result, stating (p 700) that "it was not error for the Trial Justice to apply New York law, not only the law of the forum, but the law applicable to significant events in this multi-State trip by air, in the absence of compelling reason to apply belatedly another law".

The distinction between the *James* and *Cousins* cases lies in the fact that in the former, the applicable choice of law principle pointed resolutely and unequivocally to the selection of the law of Puerto Rico. In the latter, the law of any one of a number of States might arguably have had application and the adoption of New York law was not patently incorrect.

Since there can be no reasonable uncertainty as to the applicability of New Jersey law at bar, it was error for Special Term to have applied New York law. Our research discloses a number of New Jersey cases which would tend to support plaintiff's position regarding the merits of the case (see, e.g., *Raiken v Commercial Cas. Ins. Co.,* 135 A 479 [NJ]; *McBride v New Amsterdam Cas. Co.,* 12 NJ Misc Rep 617; *Green v Liverpool and London and Globe Ins. Co.,* 1 NJ Misc Rep 357). We decline to rule on the merits of the case, however, in view of the fact that neither party presented its case with New Jersey law in mind. The judgment should be reversed and the action remanded to Special Term so that the parties may develop those facts which they believe to be applicable to New Jersey law.

■ This court is conscious of the fact that some burden is placed upon our courts by the requirement of CPLR 4511

(subd [a]) that judicial notice shall be taken of the laws of sister States "without request". Here, plaintiff's counsel did call the applicability of New Jersey law to the court's attention—albeit in a very weak manner. The bar should understand that it has a responsibility to vigorously advocate the application of the law of a sister State in a case where counsel believes that such law applies. Furthermore, a court faced with the necessity of applying the law of a sister State should not hesitate to call upon counsel to aid it in obtaining the information necessary to inform itself of the applicable law (see Uniform Judicial Notice of Foreign Law Act, 9A ULA, § 2). Finally, the courts may be guided by a caveat set forth in *Gevinson v Kirkeby-Natus Corp.* (26 AD2d 71, 76 [BREITEL, J.]): "If * * * a litigant should succeed in concealing the bases of his claim resting on sister-State law to the obvious prejudice of his adversary, a court in a proper case would have ample remedies. Even if the disclosure should not arise until the trial, the court would be justified, in aid of its own obligation to give judicial notice as well as to assist the adversary to grant a continuance, impose conditions and, in a permissible case, withhold costs."

Accordingly, the judgment should be reversed, on the law, and the action remanded for a new trial.

HOPKINS, J. P. (concurring in part and dissenting in part). I agree with the majority that the plaintiff's attorney did not inform the court what the law of New Jersey is in relation to this litigation. Indeed, after saying that he "would assume that Jersey law would be controlling in this case", the trial transcript indicates that the plaintiff's attorney cited no New Jersey statutes or cases to the court, but apparently cited section 313 of the Vehicle and Traffic Law and section 167 of the Insurance Law, and a New York case to the court *(Matter of Leatherby Ins. Co. v Scott,* 51 AD2d 519). Not until a posttrial motion was made to the court by the plaintiff's attorney did he claim with vigor that New Jersey law should apply, and then again he failed to point out any New Jersey statutes which would govern the case.

I agree, too, with the majority that CPLR 4511 (subd [a]) requires the court in an appropriate case to take judicial notice of the law of a sister State. But this is not a self-executing statute and the attorneys in a case have a duty not only to inform the court that, in their judgment, law of another forum applies to the case, but also what the statute

and precedents of the sister State are in relation to the case (*Atlas Fin. Corp. v Ezrine,* 42 AD2d 256, 258). In the absence of that information, the court is entitled to consider that the parties are content to rely on New York law and to have the case decided by reference to it, as our rule presumes (*Emonz v New York, New Haven & Hartford R. R. Co.,* 42 Misc 2d 957, 960, affd 24 AD2d 555).

The role of the court under CPLR 4511 (subd [a]) is best summed up by Professor Currie in his article on the Displacement of the Law of the Forum (58 Col L Rev 964, 1027-1028, quoted in 5 Weinstein-Korn-Miller, NY Civ Prac, par 4511.02, pp 45-270 to 45-272). There the author advocates the rule that ordinarily the decision will be governed by domestic law and that the court should depart from this procedure only at the instance of a party seeking the benefit of foreign law, which should be timely invoked and fully described. Professor Currie states that the invocation of foreign law should not be regarded as timely if it comes after the issues have been settled, and that the opposing party should have sufficient time to resist the claim that foreign law applies, or to present his own views of the foreign law (cf. *Watts v Swiss Bank Corp.,* 27 NY2d 270, 276).

Here, the complaint contains no pleading of New Jersey law and nothing appears in the record to show that the plaintiff was depending on New Jersey law until the casual statement of counsel in the middle of the trial. More should be expected and required of counsel before a party should be able to claim the advantage of law other than that of the forum. Particularly should this be so, when counsel apparently considered—in the midst of the trial—that the Judge should undertake the burden of determining what the foreign law is and how it applies to the case, without counsel bothering to do anything other than blandly stating his position (see *Cousins v Instrument Flyers,* 44 NY2d 698, 700). The facts of this case make it clear that the law of New Jersey on the subject matter is not readily evident and the plaintiff's failure to support its claim of New Jersey law in time and in substance should result in the application of New York law. On the application of New York law I am satisfied that the declaration made by Special Term is correct.

I would therefore dismiss the appeal from the order, delete the provision of the judgment which dismisses the complaint

(see *Lanza v Wagner,* 11 NY2d 317, 334), and otherwise affirm the judgment.

RABIN and O'CONNOR, JJ., concur with MARGETT, J.; HOPKINS, J. P., concurs as to the dismissal of the appeal from the order, but otherwise dissents and votes to modify the judgment by deleting therefrom the provision which dismissed the complaint and, as so modified, to affirm the judgment, with an opinion in which MARTUSCELLO, J., concurs.

Appeal from an order of the Supreme Court, Nassau County, dated September 8, 1977, dismissed (see *Matter of Aho,* 39 NY2d 241, 248).

Judgment of the same court, entered October 31, 1977, reversed, on the law, and new trial granted, with one bill of costs to abide the event.