■ ELIZABETH P. MCCARTHY et al., Respondents, v COLDWAY FOOD EXPRESS COMPANY, Appellant, and FRANK BRANTLEY, Respondent, et al., Defendant. — Judgment, Supreme Court, New York County (Smith, J.), entered February 27, 1981, in favor of plaintiffs Elizabeth P. McCarthy and John McCarthy in

the sums of $117,429.04 and $15,055, respectively, unanimously affirmed, with costs and disbursements. Of the many issues raised by defendant Coldway Food Express Company on appeal from a plaintiffs' verdict in this personal injury action arising out of a motor vehicle accident which occurred in New Jersey, several require comment. Elizabeth McCarthy, a New York resident was, at the time of the accident, en route to North Bergen, New Jersey to pick up relatives to drive them back to her home in Tuxedo, New York. Defendant Brantley, whose automobile struck the McCarthy vehicle, was also a New York resident, and held a New York State driver's license. Brantley's vehicle was registered in New York. At the time of the accident he was on his way home from work. Defendant Coldway, a nationwide truck carrier maintaining 18 terminals, including two in New Jersey and one in New York, was found by the jury to have been the owner of a disabled "18 wheeler" tractor trailer which was blocking the entire right-hand lane and one half of the left-hand lane of the two southbound lanes of the roadway upon which Mrs. McCarthy was traveling. The accident occurred as Mrs. McCarthy, who had moved from the right-hand to the left-hand southbound lane because of the truck's presence in the roadway, was attempting to go around the disabled truck. Although Mrs. McCarthy was rendered completely amnesiac as to the details of the accident as a result of her injuries, an independent witness testified that the northbound Brantley vehicle crossed over the double yellow line and struck the side of the McCarthy vehicle. Mrs. McCarthy's last recollection before the accident was stopping at the truck to see if any northbound vehicles were approaching. The jury found both Coldway and Brantley negligent and apportioned liability. We believe a jury question was presented on the issue of proximate cause as to which an appropriate charge was given. According to the testimony, the 4 feet 10 inches wide McCarthy vehicle had approximately five feet of clearance between the front of the truck and the center line. Thus, the truck's presence created an obstacle which brought the McCarthy vehicle in close proximity to the center line, and also prevented Mrs. McCarthy from moving her car to the right to avoid the oncoming Brantley vehicle. In such circumstances a jury could find that a cross-over accident caused by a third party was foreseeable. (See *Somersall v New York Tel. Co.*, 52 NY2d 157.) The legal effect of such a finding is to leave unbroken the chain of causation flowing from Coldway blocking the roadway. Coldway argues that the court should have charged the law of New Jersey instead of New York. In its answer, however, it pleaded New York law in alleging as an affirmative defense comparative negligence, citing CPLR 1411 and 1412. Although Coldway changed its position at trial and requested a charge on the New Jersey comparative negligence statute, since the jury found Mrs. McCarthy free of negligence it is irrelevant whether the New York or New Jersey statute applied. In any event, in the circumstances presented, we find *Babcock v Jackson* (12 NY2d 473) to be controlling insofar as the substantive rights and liabilities of the parties are concerned, since New York, not New Jersey, is the jurisdiction " ' "most intimately concerned with the outcome of [the] particular litigation." ' " (*Id.* at pp 481-482 citing *Auten v Auten,* 308 NY 155, 161.) Needless to say, "[w]here the defendant's exercise of due care in the operation of his automobile is in issue, the jurisdiction in which the allegedly wrongful conduct occurred will usually have a predominant, if not, exclusive concern." (*Babcock v Jackson, supra,* at p 483.) Thus New York's Vehicle and Traffic Law should not have been charged. In its choice of law argument Coldway fails, however, to show how New Jersey law differs from

New York law with respect to the circumstances of the accident. Thus it can show no prejudice by the application of New York law. Nor is it claimed that trial counsel pointed out specific provisions of New Jersey law as having applicability. Absent a detailed presentation of those portions of New Jersey law claimed to be applicable the court could assume that New Jersey law was similar to New York law. (*Atlas Fin. Corp. v Erzine,* 42 AD2d 256.) Insofar as the content of the particular sections of the Vehicle and Traffic Law which were charged is concerned we find no error. Nor did the court err in refusing to charge those sections of the Vehicle and Traffic Law requested by Coldway. Concur — Kupferman, J. P., Sandler, Sullivan, Ross and Lynch, JJ.