■ Jack Levine, Appellant, v Pita Grill II, Respondent. [896 NYS2d 6]—

It is undisputed that plaintiff incorrectly named Pita Grill II, a nonexistent entity, as defendant in the original summons and complaint, and that plaintiff never effected proper service on the intended defendant, Pita Grill II Inc., within the applicable three-year statute of limitations. However, any limitations defense was waived by Pita Grill II Inc.'s failure to raise it in either the pre-answer motion it made to vacate the default judgment that plaintiff had obtained against Pita Grill II and dismiss the action for failure to serve process in accordance with CPLR 311 (a) (1), or in the answer Pita Grill II Inc. served pursuant to the stipulation in which it agreed to waive all jurisdictional defenses and plaintiff agreed to vacate the default judgment (CPLR 3211 [e]). Such stipulation, by its plain terms, also waived the defense, apparently accepted by the motion court, that service of process was never properly made on a corporate officer of Pita Grill II Inc. in accordance with CPLR 311 (a) (1).

To the extent Pita Grill II Inc. argues that the stipulation was signed on behalf of the nonentity Pita Grill II, not Pita II Grill Inc., the argument lacks merit. After obtaining a default judgment against the nonentity Pita Grill II, plaintiff levied on assets owned by an entity known as Pita Grill Northeast LLC. The latter, moving by order to show cause, successfully stayed such levy; in the same order to show cause, Pita Grill II Inc., represented by Andrew J. Spinnell Esq., who described himself as "the attorney for Intervenor herein Pita Grill II Inc. s/h/a Pita Grill II," moved to vacate the default judgment so that it might defend the action on the ground that it was never properly served with process in accordance with CPLR 311 (a) (1). The parties then entered into the stipulation in which plaintiff agreed to vacate the default judgment and defendant agreed to interpose an answer within 20 days and waive all jurisdictional defenses. Although the stipulation bore the original caption naming Pita Grill II as the defendant, it was executed by attorney Spinnell, identified as "counsel for defendants." Pita Grill II, a nonentity, could not have agreed to anything. Concur—Gonzalez, P.J., Tom, Sweeny, Catterson and Abdus-Salaam, JJ.