Richard Chun, Plaintiff-Respondent, 
against
Sook-Cha Kim, Defendant-Appellant.



Defendant, as limited by her briefs, appeals from so much of an order of the Civil Court of the City of New York, New York County (Alexander M. Tisch, J.), dated September 28, 2015, as denied her motion to dismiss the complaint.




Per Curiam.
Order (Alexander M. Tisch, J.), dated September 28, 2015, insofar as appealed from, affirmed, with $10 costs.
Civil Court correctly denied defendant's CPLR 3211(a)(7) motion to dismiss this action based upon an alleged loan. The verified complaint, particularly as amplified by plaintiff's prior (January 9, 2009) affidavit and the pertinent checks - which were payable to defendant and bore the notation "loan" - discloses that plaintiff has valid causes of action for breach of contract and unjust enrichment. The documentary evidence submitted by defendant does not conclusively establish a defense to the asserted claims as a matter of law (see Leon v. Martinez, 84 NY2d 83, 87-88 [1994]). We note also that in a prior appeal, the Appellate Division, First Department, found sufficient factual issues to warrant a trial (see Chun v Sook-Cha Kim, 66 AD3d 441 [2009]). 
Defendant twice waived any defense of lack of personal jurisdiction, first by open-court stipulation (see Levine v Pita Grill II, 69 AD3d 496 [2010]) and again by serving an amended answer which omitted that defense (see Keary v Great Atl. & Pac. Tea Co., 96 AD2d 499 [1983]).
Finally, although defendant claims that the substance of this dispute should be governed by the laws of Maryland, she has not brought to the attention of the Court (either below or on appeal) any Maryland authority on point. On this basis alone, the Court can proceed under the assumption that Maryland law accords with New York law on the subject (see Read v Lehigh Valley R.R. Co., 284 NY 435, 441 [1940]; McCarthy v Coldway Food Express Co., 90 AD2d 459, 461 [1982]; Atlas Fin. Corp. v Ezrine, 42 AD2d 256, 258 [1973]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: June 15, 2016