■ In the Matter of the Arbitration between ALLSTATE INSURANCE COMPANY, Respondent, and JAMES RICHARDS, Appellant.—Judgment, Supreme Court, New York County (David Saxe, J.), entered on or about October 11, 1990, which granted petitioner's application for a stay of arbitration, is unanimously affirmed, without costs.

Respondent, a Montana resident whose motor vehicle was registered and insured by a policy issued in Montana by petitioner, was injured in a two-car collision in New York. Respondent's policy afforded bodily injury protection of $100,000 per person, while the policy covering the other vehicles had a limit of only $50,000 per person. In support of his demand to arbitrate his claim for $25,000 "underinsured coverage", respondent points out that his policy provides for $25,000 bodily injury protection per person in the event of an accident involving an uninsured motorist, and argues that, pursuant to Insurance Law § 3420 (f) (2) he is entitled to supplementary uninsured motorist coverage in that amount because the limit of liability under the policy covering the offending vehicle was less than the limit of his policy by $50,000. Further, respondent asserts that since petitioner is licensed as an insurer in New York State, it is obligated to provide him with the coverage a New York State resident would receive, including that statutorily provided by Insurance Law § 3420 (f) (2). We disagree. Uninsured motorist insurance of bodily injury in excess of $10,000 per person is, by definition, "supplementary" (Insurance Law § 3420 [f] [1]), and optional with the insured (Insurance Law § 3420 [f] [2]). While the policy here affords uninsured motorist protection in the amount of $25,000 per person, there is no provision for supplementary uninsured coverage as such, and respondent points to no Montana law analogous to Insurance Law § 3420 (f) (2). Montana being where the policy was written and the vehicle registered, its law should govern *(see, Government Employees Ins. Co. v Sheerin,* 65 AD2d 10). And, under these circumstances—where a policy issued in another State does not provide for supplementary uninsured coverage, and where the law of the other State does not make such coverage available—it cannot be said that the parties ever agreed to arbitrate a claim for supplementary uninsured coverage, and the dispute, therefore, falls within a recognized exception to the 20-day period specified in CPLR 7503 (c) for seeking a stay of arbitration. *(Matter of Maryland Cas. Co. v Hopkins,* 142 AD2d 946, *lv denied* 73 NY2d 702.) Concur—Milonas, J. P.,

Rosenberger, Kupferman, Ross and Asch, JJ. *[See,* 148 Misc 2d 759.]