[830 NE2d 308, 797 NYS2d 410]

In the Matter of the Arbitration between BUFFALO POLICE BE-
NEVOLENT ASSOCIATION, Respondent, and CITY OF BUFFALO,
Appellant.

Argued April 14, 2005; decided June 7, 2005

## POINTS OF COUNSEL

*Jaeckle Fleischmann & Mugel, LLP,* Buffalo (*Matthew C. Van Vessem* of counsel), for appellant. I. It is against public policy for an arbitrator to impose a restriction on an appointing authority's discretionary power provided by Civil Service Law § 61 (1). (*People ex rel. Balcom v Mosher,* 163 NY 32; *Matter of Berger v Walsh,* 291 NY 220; *Matter of Andriola v Ortiz,* 82 NY2d 320; *Matter of Professional, Clerical, Tech. Empls. Assn. [Buffalo Bd. of Educ.],* 90 NY2d 364; *Matter of Cassidy v Municipal Civ. Serv. Commn. of City of New Rochelle,* 37 NY2d 526; *City of Schenectady v State Div. of Human Rights,* 37 NY2d 421; *Matter of Delicati v Schechter,* 3 AD2d 19; *Matter of Blackburne [Governor's Off. of Empl. Relations],* 87 NY2d 660; *Garrity v Lyle Stuart, Inc.,* 40 NY2d 354; *Matter of Cohoes City School Dist. v Cohoes Teachers Assn.,* 40 NY2d 774.) II. *Matter of Professional, Clerical, Tech. Empls. Assn. (Buffalo Bd. of Educ.)* (90 NY2d 364 [1997]) does not permit an arbitration award to limit an appointing authority's promotional rights under Civil Service Law § 61, in the absence of collective negotiations and voluntary agreement. (*People ex rel. Balcom v Mosher,* 163 NY 32; *Matter of Berger v Walsh,* 291 NY 220; *Matter of Andriola v Ortiz,* 82 NY2d 320.) III. Utilizing past practice alone to impose a restriction on an appointing authority's Civil Service Law powers violates public policy. (*Matter of Professional, Clerical, Tech. Empls. Assn. [Buffalo Bd. of Educ.],* 90 NY2d 364; *Matter of Silverman [Benmor Coats],* 61 NY2d 299; *Port Washington Union Free School Dist. v Port Washington Teachers Assn.,* 45 NY2d 746; *Matter of Apuzzo v County of Ulster,* 98 AD2d 869, 62 NY2d 960; *People ex rel. Balcom v Mosher,* 163 NY 32; *Matter of Cassidy v Municipal Civ. Serv. Commn. of City of New Rochelle,* 37 NY2d 526; *Matter of Larkin v Sardino,* 79 AD2d 1096; *Matter of Havern v Senko,* 210 AD2d 480; *Matter of City of New York v Uniformed Fire Officers Assn., Local 854, IAFF, AFL-CIO,* 95 NY2d 273; *Matter of Berger v Walsh,* 291 NY 220.)

*Law Offices of W. James Schwan,* Buffalo (*W. James Schwan* of counsel), for respondent. I. The arbitrator's award does not violate public policy. (*Matter of Professional, Clerical, Tech. Empls. Assn. [Buffalo Bd. of Educ.],* 90 NY2d 364.) II. Appellant's

claim that an external source, the arbitrator, imposed a limitation on appellant's right to promote is misplaced. (*People ex rel. Balcom v Mosher,* 163 NY 32; *Matter of Berger v Walsh,* 291 NY 220; *Matter of Andriola v Ortiz,* 82 NY2d 320; *Matter of Professional, Clerical, Tech. Empls. Assn. [Buffalo Bd. of Educ.],* 90 NY2d 364; *City of Schenectady v State Div. of Human Rights,* 37 NY2d 421; *Matter of City of New York v New York State Div. of Human Rights,* 93 NY2d 768.) III. The arbitrator's finding that the parties' collective bargaining agreement compels the appointment of the highest-scoring candidate is not subject to review. (*Matter of Sprinzen [Nomberg],* 46 NY2d 623; *Matter of Associated Teachers of Huntington v Board of Educ., Union Free School Dist. No. 3, Town of Huntington,* 33 NY2d 229; *Matter of New York State Correctional Officers & Police Benevolent Assn. v State of New York,* 94 NY2d 321; *Board of Educ. of Lakeland Cent. School Dist. of Shrub Oak v Barni,* 49 NY2d 311.)

## OPINION OF THE COURT

R.S. SMITH, J.

We held in *Matter of Professional, Clerical, Tech. Empls. Assn. (Buffalo Bd. of Educ.)* (90 NY2d 364 [1997] [*PCTEA*]) that a public employer could, without violating public policy, agree to forgo its statutory authority to choose any one of three candidates for promotion to clerical and secretarial positions. We now hold that the rule of *PCTEA* does not apply to the promotion of police officers. Public policy requires that police departments retain the authority given them by Civil Service Law § 61 (1) to select one of three candidates for such promotions.

## Facts and Procedural History

Following the administration of competitive examinations for the position of detective in the Buffalo Police Department, the Buffalo Municipal Civil Service Commission promulgated an "eligible list" of candidates who passed the examination, ranked by test scores. Officer Raymond Wrafter was first on the list, but when a position became vacant the Police Commissioner bypassed Officer Wrafter and promoted another of the top three candidates. The Buffalo Police Benevolent Association (PBA) filed a grievance, claiming that the Commissioner's action violated article XV of the Collective Bargaining Agreement between the PBA and the City of Buffalo, which provides:

"All conditions or provisions beneficial to employees

now in effect which are not specifically provided for in this Agreement or which have not been replaced by provisions of this Agreement shall remain in effect for the duration of this Agreement, unless mutually agreed otherwise between the City and the Union."

The PBA's theory was that this provision obligated the City to continue a long-standing practice by which the Commissioner appointed only the first-ranked candidate to positions in the competitive class of the civil service. An arbitrator, relying on our decision in *PCTEA*, agreed that the City had violated article XV and awarded Officer Wrafter compensatory damages. Supreme Court confirmed the arbitrator's award, and the Appellate Division affirmed. We now reverse.

## Discussion

Civil Service Law § 61 (1) provides in pertinent part:

"Appointment or promotion from an eligible list to a position in the competitive class shall be made by the selection of one of the three persons certified by the appropriate civil service commission as standing highest on such eligible list who are willing to accept such appointment or promotion . . . ."

In *PCTEA* we addressed the application of this statute to two arbitration awards rendered against the Buffalo Board of Education—one involving the position of associate account clerk, the other that of senior typist. The Board had passed over the highest-scoring candidate for each position, in favor of candidates lower on the eligible list. In each case, an arbitrator held that the Board's actions violated a collective bargaining agreement, relying in part on a "Maintenance of Benefits" clause similar to the clause in issue here, but also on an "explicit agreement of the parties," reflected in minutes of a series of labor-management meetings, to promote the first person on the eligible list (90 NY2d at 370). In each case, we reversed a decision vacating the arbitrator's award. We held that, while the Civil Service Law conferred discretion on the appointing authority to choose one of the three highest-scoring candidates, "a public employer may . . . voluntarily bargain with respect to the exercise of such discretion" (*id.* at 376), and thus could surrender it by contract.

Here, it is much less clear that the appointing authority "voluntarily" surrendered its power to choose. This case does not

involve, as *PCTEA* did, minutes of meetings showing that an agreement to promote the highest-scoring candidate was explicitly discussed; the arbitrator's award here was based on a general agreement to leave the status quo unchanged, coupled with a "past practice" of appointing the highest-scoring candidate. But more important, this case, unlike *PCTEA*, involves the selection by the Police Commissioner of an officer to fill a position important to the safety of the community. Public policy does not permit a ruling that the Commissioner has given up his statutory power to choose the person he thinks best qualified for that position—at least in the absence of compelling evidence that the Commissioner made a conscious choice to do so.

"Despite [the] policy of according an arbitrator seemingly unfettered discretion in matters submitted to him by the consent of the parties, it is the established law in this State that an award which is violative of public policy will not be permitted to stand" (*Matter of Sprinzen [Nomberg]*, 46 NY2d 623, 630 [1979]). We conclude that this is one of those relatively rare "cases in which public policy considerations, embodied in statute or decisional law, prohibit, in an absolute sense, particular matters being decided or certain relief being granted by an arbitrator" (*id.* at 631). The arbitrator's ruling that the Commissioner was bound by a collective bargaining agreement to appoint the highest-scoring candidate to the position of detective must be set aside.

Accordingly, the order of the Appellate Division should be reversed with costs and the arbitrator's award vacated.

Chief Judge KAYE and Judges G.B. SMITH, CIPARICK, ROSENBLATT, GRAFFEO and READ concur.

Order reversed, with costs, and arbitration award vacated.