■ In the Matter of ARUNKUMAR PATEL, Petitioner, v NEW YORK CITY HOUSING AUTHORITY et al., Respondents. [809 NYS2d 22]—

Determination of respondent Housing Authority, dated June 10, 2004, finding petitioner guilty of specified misconduct and terminating his employment, unanimously confirmed, the petition denied, and this CPLR article 78 proceeding (transferred to this Court by order of the Supreme Court, New York County [Carol R. Edmead, J.], entered February 4, 2005) dismissed, without costs.

Petitioner was employed by respondent agency as a computer associate, and was subsequently promoted to the title of com-

puter specialist, subject to the satisfactory completion of a one-year probationary period. During this period, he was charged with unauthorized creation and use of an administrative account on the agency's computer system. Following a hearing, he was found guilty of improperly gaining unauthorized entry to the computer system's NT Domain Administrative Group, creating an unauthorized user account with administrative privileges, and using that account for purposes other than official city-related business, for which he was discharged. Although petitioner argues that the hearing officer's conclusion that he had violated respondent agency's personnel rules and regulations was not supported by substantial evidence, he does not dispute that he created a user ID that enabled him to log onto a certain administrative group on the agency's computer system. Rather, he claims he was unaware his conduct constituted misconduct, and that in an effort to enhance his computer skills he entered this administrative group on only three occasions without changing any files, entering any restricted areas or engaging in any malicious activities.

Petitioner fails to contest the substantial evidence that he created an unauthorized user account with administrative privileges on the agency's computer system. Instead, he suggests that the agency's interpretation of its rules and regulations was irrational insofar as his conduct was determined to be in violation thereof. However, it is well settled that an agency's construction of its own rules and regulations is entitled to deference and will not be disturbed unless clearly irrational or unreasonable (*Matter of Howard v Wyman*, 28 NY2d 434 [1971]). The administrative determination in that respect was neither irrational nor unreasonable.

Petitioner also maintains that the penalty imposed was disproportionate to the offense and shocking to any sense of fairness, resulting in termination of a highly dedicated, long-standing employee merely because—without any venality or maliciousness—he took an available opportunity to improve his computer skills. Nevertheless, "[j]udicial review of an administrative penalty is limited to whether the measure or mode of penalty or discipline imposed constitutes an abuse of discretion as a matter of law" (*Matter of Kelly v Safir*, 96 NY2d 32, 38 [2001]). It cannot be said that the agency was unwarranted in considering petitioner's conduct to be contrary to the trust and responsibility placed in him. His termination was not so disproportionate to the offense as to be shocking to one's sense of fairness.

Petitioner was not subjected to dual punishment in violation

of Civil Service Law § 75 (3) on the basis of his dismissal following demotion to his former position as computer associate. Section 75 does not afford any rights to an employee holding probationary appointment in a Civil Service title. It is undisputed that when petitioner was reassigned from computer specialist to his former job as computer associate, he had not yet completed his probationary term at the higher position. Thus, in the absence of a showing of an improper reason or bad faith, not only was the reassignment warranted (*see Matter of Cohen v Koehler*, 82 NY2d 882 [1993]), but his demotion could not be considered a punishment under section 75. Moreover, the penalty provision set forth in section 75 (3) is only relevant where an employee has been found guilty after a disciplinary hearing. Petitioner did not have such a hearing before being reassigned from specialist to associate, and was not entitled to one.

Finally, respondents were warranted in relying on the collective bargaining agreement negotiated by petitioner's former union in denying his request for payment for his unused vacation leave. Although terminal leave generally is granted as a matter of right under the agreement, the express terms of the agreement specify that this general provision is not applicable to employees dismissed after disciplinary proceedings. Rights under Civil Service Law § 75 may be supplemented, modified or replaced by the terms of a collective bargaining agreement (*Antinore v State of New York*, 40 NY2d 921 [1976], *affg* 49 AD2d 6 [1975]; *see also Dye v New York City Tr. Auth.*, 88 AD2d 899 [1982], *affd* 57 NY2d 917 [1982]; *Ciambriello v County of Nassau*, 292 F3d 307, 314 [2d Cir 2002]). Concur—Tom, J.P., Sullivan, Nardelli, Catterson and McGuire, JJ.