■ In the Matter of the Arbitration between JOHNSON CITY PROFESSIONAL FIRE FIGHTERS LOCAL 921 et al., Respondents, and VILLAGE OF JOHNSON CITY, Appellant. (Proceeding No. 1.) In the Matter of the Arbitration between VILLAGE OF JOHNSON CITY, Appellant, and JOHNSON CITY FIREFIGHTERS ASSOCIATION, LOCAL 921 IAFF, Respondent. (Proceeding No. 2.) [906 NYS2d 343]—

Garry, J. Appeals (1) from an order of the Supreme Court (Lebous, J.), entered June 19, 2009 in Broome County, which, among other things, granted petitioner's application in proceeding No. 1 pursuant to CPLR 7503 to compel arbitration between the parties, and (2) from an order of said court, entered August 18, 2009 in Broome County, which, among other things, denied petitioner's application in proceeding No. 2 pursuant to CPLR 7503 to stay arbitration between the parties.

The Village of Johnson City and the Johnson City Professional Fire Fighters Local 921 (hereinafter the Union) are parties to a collective bargaining agreement (hereinafter CBA). In 2009, the Village issued notices of discipline to certain fire personnel and selected a hearing officer to preside over their

due process hearings. The Union filed a grievance against the Village's unilateral selection of the hearing officer, and the Union and affected employees subsequently commenced proceeding No. 1 seeking to annul the Village's hearing officer selection and to compel arbitration. The Village commenced proceeding No. 2 seeking a permanent stay of arbitration, and the Union cross-claimed for an order compelling arbitration. In proceeding No. 1, Supreme Court issued an order enjoining further disciplinary proceedings and compelling arbitration; in proceeding No. 2, the court found that the issue was referable to arbitration, denied the Village's application, and granted the Union's cross application to compel arbitration. The Village appeals from the orders in both proceedings.[1]

Whether a grievance may be arbitrated is decided by determining whether any statutory, constitutional or public policy prohibition bars arbitration of the dispute at issue and, if not, whether the parties agreed to arbitrate it (*see Matter of City of Johnstown [Johnstown Police Benevolent Assn.]*, 99 NY2d 273, 278 [2002]; *Matter of City of Ithaca [Ithaca Paid Fire Fighters Assn., IAFF, Local 737]*, 29 AD3d 1129, 1130 [2006]). The Village is statutorily vested with the power to designate a hearing officer in disciplinary proceedings (*see* Civil Service Law § 75 [2]). This statutory power may be modified or superseded through collective bargaining or negotiation (*see Matter of Incorporated Vil. of Hempstead v Public Empl. Relations Bd.*, 137 AD2d 378, 383 [1988], *lv denied* 72 NY2d 808 [1988]; *Matter of Marin v Benson*, 131 AD2d 100, 102-103 [1987]); and a public entity may agree to submit disciplinary procedures to arbitration (*see Matter of Auburn Police Local 195, Council 82, Am. Fedn. of State, County & Mun. Empls., AFL-CIO v Helsby*, 62 AD2d 12, 17 [1978], *affd* 46 NY2d 1034 [1979]). The Village does not therefore contend that any statutory, constitutional, or public policy obstacle exists to arbitration of the dispute regarding its selection of a disciplinary hearing officer. Instead, it argues that modification of such a statutory power must be voluntarily undertaken as the result of "a conscious choice" (*Matter of Buffalo Police Benevolent Assn. [City of Buffalo]*, 4 NY3d 660, 664 [2005]), and that there was no such agreement.

The CBA provides for arbitration of any dispute "involving the interpretation or application of any provisions of [the CBA]," a provision this Court has described as broad (*see Matter of Johnson City Professional Firefighters Local 921 [Village of Johnson City]*, 72 AD3d 1235, 1238 [2010]). In deciding whether the provision constitutes an agreement to arbitrate a

---

1. The appeals were consolidated by order of this Court.

particular dispute, this Court "is limited to determin[ing] whether there is a reasonable relationship between the subject matter of the dispute and the general subject matter of the CBA" (*Matter of City of Elmira [Elmira Professional Firefighters' Assn., AFL-CIO, I.A.F.F.-Local 709]*, 34 AD3d 1075, 1076 [2006] [internal quotation marks and citations omitted]; *see Matter of Board of Educ. of Watertown City School Dist. [Watertown Educ. Assn.]*, 93 NY2d 132, 140 [1999]). We conclude that no such reasonable relationship exists between this CBA and the parties' dispute regarding the selection of a hearing officer.

The CBA does not mention the selection of disciplinary hearing officers; its sole reference to disciplinary proceedings is a requirement that any reprimand be conducted privately, in a manner to avoid embarrassment. The Union does not rely upon this provision, but instead upon a section providing that "[n]othing [in the CBA] shall be deemed to prohibit the adoption of rules by the [Fire] Department for the operation of the Department, providing such rules do not conflict with any of the provisions of [the CBA]." The Union argues that this provision refers to the Village's "Rules and Regulations for the Government of the Fire Department" (hereinafter rules). These rules provide for disciplinary procedures including a hearing "by an impartial hearing officer as agreed upon in the contract" between the Union and the Village. The Union further asserts that the contract referred to in this clause is the current CBA, and, specifically, article XV (4) in the CBA's "Contract Administration" section, in which the parties agree to "follow [the Public Employment Relations Board's] rules of procedure for dispute resolution." These procedures allegedly provide for the use of a strike list and thus, in the Union's view, preclude the Village from unilaterally selecting a hearing officer.[2]

Notably, the Union's analysis would require the arbitrator to engage in contractual interpretation not only of the CBA, but also of the rules. The CBA, however, limits the arbitrator's authority to disputes "involving the interpretation and application of any provisions of *this agreement*" (emphasis added).

2. The Union argues that on a previous occasion, the Village selected a disciplinary hearing officer from a Public Employment Relations Board strike list; however, this allegedly took place in 2002, well before the adoption of the current CBA in 2008, and the record does not reveal what the relevant terms of the CBA in effect at that time provided. Moreover, "past practice, like any other form of parol evidence, is merely an interpretive tool and cannot be used to create a contractual right independent of some express source in the underlying agreement" (*Matter of Aeneas McDonald Police Benevolent Assn. v City of Geneva*, 92 NY2d 326, 333 [1998]).

Moreover, no provision of the CBA expressly incorporates the rules into the contract; instead, another CBA provision describes the rules as "not covered by this contract." The record reveals that the rules are not negotiated as part of the collective bargaining process, but are adopted separately by the Village after consulting with the Union. Under these circumstances, the CBA's mere reference to the existence of the rules is insufficient to permit a determination that matters addressed in the rules, but not in the CBA, can be considered part of the CBA's general subject matter (*compare Matter of City of Binghamton [Binghamton Firefighters, Local 729, AFL-CIO]*, 20 AD3d 859, 860 [2005]). Additionally, the CBA's reference to the Public Employment Relations Board's rules of procedure is not pertinent as its applicability is expressly limited to disputes "involving the interpretation or application of any provisions of this agreement."

Even a broad arbitration clause is not unlimited in its scope; to satisfy the reasonable relationship test, a contractual interpretation must be "at least colorable" (*Matter of New York State Off. of Children & Family Servs. v Lanterman*, 14 NY3d 275, 283 [2010]). As no colorable interpretation of the CBA brings the selection of a disciplinary hearing officer within its general scope, we cannot conclude that the parties agreed to arbitrate their dispute on this subject. This determination makes it unnecessary to address the parties' remaining contentions.

Cardona, P.J., Rose, Stein and McCarthy, JJ., concur. Ordered that the orders are reversed, on the law, without costs, petitioner's application in proceeding No. 1 and respondent's cross application in proceeding No. 2 denied, and petitioner's application in proceeding No. 2 to stay arbitration granted.