■ In the Matter of SYRACUSE INDUSTRIAL DEVELOPMENT AGENCY, James Syracuse LLC, as Lessee, Respondent, v JOHN C. GAMAGE, Assessor, City of Syracuse, et al., Appellants. (Appeal No. 1.) [908 NYS2d 503]—

Appeal from an order of the Supreme Court, Onondaga County (Donald A. Greenwood, J.), entered May 12, 2009. The order denied the motion of respondents to dismiss the tax certiorari petition.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: In these three tax certiorari appeals, respondents appeal from an order denying their pre-answer motions pursuant to CPLR 3211 (a) (1) and (7) to dismiss the respective petitions in each proceeding, based on documentary evidence establishing a defense to the petitions and for failure to state a cause of action. We affirm for reasons stated in the decision at Supreme Court. We add only that, at this early stage of the proceedings, we reject respondents' contention that petitioner waived its right to contest the assessments at issue. It is well settled that the allegations in the petitions must be accepted as true in the context of these pre-answer motions pursuant to CPLR 3211 (a), and petitioner must be afforded every favorable inference that may be drawn therefrom (*see 511 W. 232nd Owners Corp. v Jennifer Realty Co.*, 98 NY2d 144, 151-152 [2002]). " '[T]he criterion is whether the proponent of the pleading has a cause of action, not whether [it] has stated one' " (*Leon v Martinez*, 84 NY2d 83, 88 [1994], quoting *Guggenheimer v Ginzburg*, 43 NY2d 268, 275 [1977]). Furthermore, inasmuch as respondents contend that there has been a waiver of statutory rights, they must establish that the waiver does not violate public policy (*see generally Matter of Buffalo Police Benevolent Assn. [City of Buffalo]*, 4 NY3d 660, 663-664 [2005]). In view of the standard of review of the petitions at this pre-answer stage of the proceedings, we conclude that respondents failed to do so (*cf. North Fork Bank v Computerized Quality Separation Corp.*, 62 AD3d 973 [2009]), and respondents thus failed to establish that "the documents relied upon . . . definitively dispose of [petitioner's] claim[s]" (*Bronxville Knolls v Webster Town Ctr. Partnership*, 221 AD2d 248 [1995]). Present—Smith, J.P., Carni, Lindley, Sconiers and Pine, JJ.