# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**207**
**CA 10-01718**
PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, SCONIERS, AND MARTOCHE, JJ.

---

IN THE MATTER OF THE ARBITRATION BETWEEN
TOWN OF WEBB UNION FREE SCHOOL DISTRICT,
PETITIONER-APPELLANT,

AND                                                          MEMORANDUM AND ORDER

ATLANTIC ENERGY SERVICES, INC.,
RESPONDENT-RESPONDENT.

---

FERRARA, FIORENZA, LARRISON, BARRETT & REITZ, P.C., EAST SYRACUSE
(KATHERINE E. GAVETT OF COUNSEL), FOR PETITIONER-APPELLANT.

THE MURRAY LAW FIRM, PLLC, CLIFTON PARK (JOSEPH C. BERGER OF COUNSEL),
FOR RESPONDENT-RESPONDENT.

---

Appeal from an order and judgment (one paper) of the Supreme Court, Herkimer County (Michael E. Daley, J.), entered October 19, 2009 in a proceeding pursuant to CPLR article 75. The order and judgment dismissed the petition to vacate an arbitration award.

It is hereby ORDERED that the order and judgment so appealed from is unanimously affirmed without costs.

Memorandum: Petitioner appeals from an order and judgment dismissing its petition to vacate an arbitration award (*see* CPLR 7511 [b] [1]). We reject petitioner's contention that the arbitrator exceeded her authority by refusing to apply the law. It is well settled that, " '[a]bsent [a] provision in the arbitration clause itself, an arbitrator is not bound by principles of substantive law or by rules of evidence' " (*Matter of Mays-Carr [State Farm Ins. Co.]*, 43 AD3d 1439, 1440, quoting *Matter of Silverman [Benmor Coats]*, 61 NY2d 299, 308). There was no such provision in the arbitration clause here, and thus the arbitrator was entitled to do justice as she saw fit (*see Silverman*, 61 NY2d at 308). We further reject petitioner's contention that the arbitration award violated public policy (*see generally Matter of Police Benevolent Assn. [City of Buffalo]*, 4 NY3d 660, 664).

Finally, although we are concluding herein that Supreme Court properly dismissed the petition, we decline to grant respondent's request for attorney's fees and costs associated with this appeal. While a court may impose sanctions for frivolous conduct, including conduct that is "completely without merit in law" (22 NYCRR 130-1.1 [c] [1]), or that "is undertaken primarily to delay or prolong the

resolution of the litigation, or to harass or maliciously injure another" (22 NYCRR 130-1.1 [c] [2]), there is no indication of any such frivolous conduct here.

Entered:  February 18, 2011                    Patricia L. Morgan
                                               Clerk of the Court