■ In the Matter of ALLSTATE INSURANCE COMPANY, Appellant, v JOSE LEGRAND, Respondent. [937 NYS2d 22]—

The failure to move to stay arbitration within the 20-day period specified in CPLR 7503 (c) generally "constitutes a bar to judicial intrusion into arbitration proceedings" (*Aetna Life & Cas. Co. v Stekardis*, 34 NY2d 182, 184 [1974]; *see Matter of Spychalski [Continental Ins. Cos.]*, 45 NY2d 847 [1978]). However, a motion to stay arbitration may be entertained outside the 20-day period when "its basis is that the parties never agreed to arbitrate, as distinct from situations in which there is an arbitration agreement which is nevertheless claimed to be invalid or unenforceable because its conditions have not been complied with" (*Matter of Matarasso [Continental Cas. Co.]*, 56 NY2d 264, 266 [1982]).

It is undisputed that the subject accident occurred while the insured was driving a rental car in Mexico. The insured's automobile insurance policy provided benefits for accidents that occurred within the State of New York, "the United States, its territories or possessions, or Canada." Since the policy did not provide for coverage in the geographic area where the accident occurred, it cannot be said that the parties ever agreed to arbitrate this claim (*see Matter of Allstate Ins. Co. [Richards]*, 178 AD2d 142 [1991], *lv denied* 79 NY2d 756 [1992]; *cf. Matter of Fiveco, Inc. v Haber*, 11 NY3d 140 [2008]). Concur—Tom, J.P., Catterson, DeGrasse, Richter and Manzanet-Daniels, JJ.