■ In the Matter of RICHARD J. HAYES, Respondent, v STATE OF NEW YORK et al., Appellants. [20 NYS3d 638]—

In a proceeding pursuant to CPLR article 78 to review a determination of the New York State Department of Taxation and Finance dated February 12, 2013, which terminated the petitioner's employment as a Tax Auditor Level II, the appeal is from so much of a judgment of the Supreme Court, Kings County (Solomon, J.), dated March 6, 2014, as granted the petition and directed that the petitioner's employment be reinstated, together with back pay and all incidental benefits.

Ordered that the judgment is reversed insofar as appealed from, on the law, without costs or disbursements, the petition is denied, and the proceeding is dismissed on the merits.

The petitioner commenced his employment as an income tax auditor at the New York State Department of Taxation and Finance (hereinafter the DTF) on July 19, 1990. The petitioner acknowledges that he is a recovering alcoholic with a history of alcohol-related disciplinary charges or offenses at the workplace. In January 2011, the petitioner was served with disciplinary charges alleging that he had been impaired by alcohol while at the workplace. The petitioner filed a grievance and a request for arbitration. In lieu of a hearing, the petitioner entered into a stipulation of settlement. Pursuant to the stipulation, the petitioner agreed to be subject to a seven-year incident-specific probation period in which he would not engage in the same or similar misconduct, i.e., impairment by alcohol while at the workplace.

By letter dated December 19, 2012, the petitioner was notified of a report that on December 11, 2012, he appeared at a

taxpayer's place of business in the course of his employment while impaired by alcohol. The letter stated that if this was true, his behavior was in violation of the settlement agreement. The petitioner was formally advised of the DTF's intention to terminate his employment. The letter included three witness statements. The petitioner contested his proposed termination and the DTF sought statements from additional witnesses.

By letter dated February 12, 2013, the DTF notified the petitioner of its final decision to terminate his employment based on an additional witness statement.

Thereafter, the petitioner commenced this CPLR article 78 proceeding. The Supreme Court granted the petition and directed the DTF to reinstate the petitioner to his employment, together with back pay and all incidental benefits.

"[A] probationary employee may be discharged without a hearing and without a statement of reasons in the absence of any demonstration that the dismissal was in bad faith, for a constitutionally impermissible reason or an illegal purpose, or in violation of statutory or decisional law" (*Matter of Robinson v Health & Hosps. Corp.*, 29 AD3d 807, 808 [2006] [internal quotation marks omitted]). "The petitioner bears the burden of establishing bad faith or illegal reasons by competent evidence . . . [and] [s]peculative and/or conclusory allegations of bad faith [or] improper motive . . . are insufficient to meet this burden" (*id.* at 809 [internal quotation marks omitted]).

Here, contrary to the Supreme Court's determination, there is a rational basis in the record to support the conclusion that the petitioner violated the terms of his disciplinary stipulation of settlement. The petitioner failed to show that he was terminated in bad faith or for an illegal reason (*see Walsh v New York State Thruway Auth.*, 24 AD3d 755, 757 [2005]). Accordingly, the Supreme Court should have denied the petition and dismissed the proceeding on the merits. Mastro, J.P., Dickerson, Austin and Maltese, JJ., concur.