■ In the Matter of PICTET FUNDS (EUROPE) S.A. et al., Respondents, v EMERGING MANAGERS GROUP, L.P., et al., Appellants. [46 NYS3d 892]—

Order and judgment (one paper), Supreme Court, New York County (Saliann Scarpulla, J.), entered October 29, 2015, which, in this proceeding brought pursuant to CPLR article 75, granted the petition to permanently stay the arbitration commenced by respondents against petitioners, unanimously affirmed, without costs.

Petitioner Pictet Funds (Europe) S.A. (Pictet) and the predecessor of respondent Emerging Managers Group, L.P. (EMG) entered into a relationship management agreement, which contained a governing law provision expressly stating that "all matters related to [the agreement's] validity, construction, performance and enforcement" shall be governed by Swiss law and determined exclusively in Geneva, Switzerland. Nevertheless, the provision provided that, if there was a dispute "related solely to fees payable," then EMG's predecessor could initiate a FINRA-administered Dispute Resolution arbitration, in New York, NY. In 2014, a dispute arose as to whether EMG properly performed under the agreement, or whether Pictet breached the agreement, and EMG demanded arbitration of its breach of contract claim.

The motion court, relying on the reasoning of the Federal District Court (SDNY) in a prior action between these same parties, properly decided the issue of arbitrability, since the parties did not a make a "clear and unmistakable agreement"

to arbitrate that gateway issue (*Matter of Monarch Consulting, Inc. v National Union Fire Ins. Co. of Pittsburgh, PA*, 26 NY3d 659 [2016]; *Matter of Smith Barney Shearson v Sacharow*, 91 NY2d 39, 45-46 [1997]). The motion court also properly determined that the parties did not agree to arbitrate the breach of contract claim, as the claim does not solely relate to fees payable (*see Eiseman Levine Lehrhaupt & Kakoyiannis, P.C. v Torino Jewelers, Ltd.*, 44 AD3d 581, 583 [1st Dept 2007]).

Because there was no agreement to arbitrate EMG's claim, the CPLR 7503 (c) deadline is not a bar to Pictet's petition for a stay (*see Matter of Matarasso [Continental Cas. Co.]*, 56 NY2d 264 [1982]; *Matter of Allstate Ins. Co. v LeGrand*, 91 AD3d 502, 502 [1st Dept 2012]; *see also LJL 33rd St. Assoc., LLC v Pitcairn Props. Inc.*, 725 F3d 184, 191-192 [2d Cir 2013], *cert denied* 572 US —, 134 S Ct 2289 [2014]).

We have considered respondents' remaining arguments and find them unavailing. Concur—Sweeny, J.P., Andrias, Manzanet-Daniels, Gische and Webber, JJ.