■ In the Matter of the Arbitration Between COUNTY OF MONROE, Respondent, and CIVIL SERVICE EMPLOYEES ASSOCIATION, INC., LOCAL 828, UNIT 7423, Appellant. [56 NYS3d 708]—

Appeal from an order and judgment (one paper) of the Supreme Court, Monroe County (J. Scott Odorisi, J.), entered February 2, 2016. The order and judgment granted the petition to stay arbitration and denied the cross motion of respondent to compel arbitration.

It is hereby ordered that the order and judgment so appealed from is unanimously affirmed without costs.

Memorandum: Petitioner commenced this proceeding pursuant to CPLR article 75 seeking a permanent stay of arbitration. Respondent filed a grievance on behalf of, inter alia, certain retired former employees of the Monroe County Sheriff's Department, all of whom retired prior to January 1, 2000, when a collective bargaining agreement that covered the period between 1994 through 1999 was in effect (1994-1999 CBA). The grievance alleged, however, that petitioner had violated the collective bargaining agreement covering the period between January 1, 2009, through December 31, 2012 (2009-2012 CBA), by unilaterally changing the subject retirees' post-Medicare health insurance benefits. Respondent asserted that any such unilateral change is subject to the grievance and arbitration procedure set forth in the 2009-2012 CBA. In response to the grievance, petitioner, inter alia, denied that the parties had agreed to resolve retiree health insurance benefit disputes for those retiring prior to January 1, 2000, through the grievance and arbitration procedure of the 2009-2012 CBA.

Respondent demanded arbitration pursuant to the 2009-2012 CBA, petitioner commenced this proceeding, and respondent cross-moved to compel arbitration. Supreme Court granted the petition, thereby permanently staying arbitration, and denied the cross motion. We affirm.

Contrary to respondent's contention, we conclude that the rights and obligations of the subject retirees are governed by the 1994-1999 CBA, which was in effect when they retired (*see City of Buffalo v A.F.S.C.M.E. Council 35, Local 264*, 107 AD2d 1049, 1050 [1985]). To determine whether the grievance is arbitrable under the 1994-1999 CBA, we must conduct the requisite two-step inquiry (*see Matter of Board of Educ. of Watertown City School Dist. [Watertown Educ. Assn.]*, 93 NY2d 132, 137-138 [1999]). First, we must determine " 'whether there is any statutory, constitutional or public policy prohibition against arbitration of the grievance' " (*Matter of United Fedn. of Teachers, Local 2, AFT, AFL-CIO v Board of Educ. of City School Dist. of City of N.Y.*, 1 NY3d 72, 79 [2003]). Second, if there is no such prohibition against arbitrating the grievance at issue, we must determine "whether such authority was in fact exercised and whether the parties did agree by the terms of their particular arbitration clause to refer their differences in this specific area to arbitration" (*Board of Educ. of Watertown City School Dist.*, 93 NY2d at 138). Here, it is undisputed that there is no prohibition against arbitration of the grievance (*see Matter of City of Ithaca [Ithaca Paid Fire Fighters Assn., IAFF, Local 737]*, 29 AD3d 1129, 1130-1131 [2006]).

With respect to the second part of the inquiry, contrary to respondent's contention, we conclude that the court properly determined that the parties did not agree to refer to arbitration the retiree health benefit disputes of those who retired prior to January 1, 2000. The grievance clause in the 1994-1999 CBA specifically excludes retirement benefits from the grievance and arbitration procedure (*cf. Matter of City of Niagara Falls [Niagara Falls Police Club Inc.]*, 52 AD3d 1327, 1327 [2008]).

In light of our determination, respondent's contentions concerning the timeliness of the grievance have been rendered academic. We have considered respondent's remaining contentions and conclude that they are without merit. Present—Peradotto, J.P., Carni, Lindley, Troutman and Scudder, JJ.