■ Mariusz Guminiak, Respondent, v VGFC Realty II, LLC, Appellant, et al., Defendant. [59 NYS3d 765]—

In an action to recover damages for personal injuries, the defendant VGFC Realty II, LLC, appeals from an order of the Supreme Court, Queens County (Sampson, J.), dated September 1, 2015, which denied its motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed, with costs.

The plaintiff, an employee of nonparty A-Val Architectural Metal Corp. (hereinafter A-Val Corp.), allegedly sustained personal injuries while performing work at 240 Washington Street in Mount Vernon. At the time of the accident, three buildings known as 240-254 Washington Street were being renovated for the purposes of operating A-Val Corp.'s business on the premises. The owner of the premises was the City of Mount Vernon Industrial Development Agency (hereinafter the

IDA). The defendant VGFC Realty II, LLC (hereinafter the appellant), was the lessee of the premises, and nonparty A-Val Architectural Metal III, LLC, was the sublessee of the premises. The plaintiff commenced this action against, among others, the appellant, to recover damages for personal injuries, asserting causes of action alleging violations of Labor Law §§ 240 (1), 241 (6), and 200, as well as common-law negligence. In its answer, the appellant asserted as an affirmative defense that Workers' Compensation was the plaintiff's exclusive remedy. The appellant moved for summary judgment dismissing the complaint insofar as asserted against it, arguing that Workers' Compensation was the plaintiff's exclusive remedy, as it was an alter ego of the plaintiff's employer, and not an "owner" within the meaning of the Labor Law.

The Supreme Court properly denied the appellant's motion, as it failed to establish its prima facie entitlement to judgment as a matter of law. Although the appellant submitted evidence which established that it and A-Val Corp. were related entities, this evidence failed to demonstrate either that the appellant and A-Val Corp., the plaintiff's employer, operated as a single integrated entity, or that either company controlled the day-to-day operations of the other (*see Haines v Verazzano of Dutchess, LLC*, 130 AD3d 871, 872 [2015]; *Quizhpe v Luvin Constr. Corp.*, 103 AD3d 618, 619 [2013]; *Samuel v Fourth Ave. Assoc., LLC*, 75 AD3d 594, 594-595 [2010]; *Cappella v Suresky at Hatfield Lane, LLC*, 55 AD3d 522, 523 [2008]). Therefore, the evidence submitted in support of the motion failed to eliminate all triable issues of fact as to whether the exclusivity provisions of the Workers' Compensation Law barred the action against the appellant because it was an alter ego of the plaintiff's employer (*see* Workers' Compensation Law §§ 11, 29 [6]; *Batts v IBEX Constr., LLC*, 112 AD3d 765, 767 [2013]; *Abreu v Wel-Made Enters., Inc.*, 105 AD3d 878, 880 [2013]; *Gonzalez v Woodbourne Arboretum, Inc.*, 100 AD3d 694, 698 [2012]; *Samuel v Fourth Ave. Assoc., LLC*, 75 AD3d at 595).

Moreover, the appellant failed to establish, prima facie, that it was not an owner or agent within the meaning of the Labor Law (*see Scaparo v Village of Ilion*, 13 NY3d 864, 866 [2009]; *Alfonso v Pacific Classon Realty, LLC*, 101 AD3d 768, 770 [2012]; *Copertino v Ward*, 100 AD2d 565, 566 [1984]).

Since the appellant failed to sustain its prima facie burden, denial of its motion was required without regard to the sufficiency of the plaintiff's opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *D'Alessandro v Aviation Constructors, Inc.*, 83 AD3d 769, 771 [2011]).

The appellant's remaining contentions either improperly refer to matter dehors the record or are improperly raised for the first time on appeal. Rivera, J.P., Leventhal, Austin and Christopher, JJ., concur.