Matter of Bruno v Greenville Fire Dist. (2019 NY Slip Op 03043)





Matter of Bruno v Greenville Fire Dist.


2019 NY Slip Op 03043


Decided on April 24, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 24, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
CHERYL E. CHAMBERS
JEFFREY A. COHEN
VALERIE BRATHWAITE NELSON, JJ.


2015-12159
 (Index No. 1152/14)

[*1]In the Matter of Matthew Bruno, appellant,
v
Greenville Fire District, etc., et al., respondents.


Matthew Bruno, Scarsdale, NY, appellant pro se.
Littler Mendelson, P.C., New York, NY (Joseph E. Field of counsel), for respondents.



DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of the Greenville Board of Fire Commissioners of the Greenville Fire District dated September 10, 2013, terminating the petitioner's probationary employment as a firefighter, the petitioner appeals from a judgment of the Supreme Court, Westchester County (Barbara G. Zambelli, J.), dated November 9, 2015. The judgment denied the petition and dismissed the proceeding.
ORDERED that the judgment is affirmed, with costs.
The petitioner was hired as a probationary firefighter by the Greenville Fire District (hereinafter the GFD). Shortly before the expiration of the probationary period, the GFD terminated his employment. The petitioner then commenced this proceeding pursuant to CPLR article 78 to review the determination to terminate his employment. The Supreme Court denied the petition and dismissed the proceeding.
Judicial review of the dismissal of a probationary employee is limited to whether the dismissal was in bad faith, for a constitutionally impermissible purpose, or in violation of statutory or decisional law (see Matter of Swinton v Safir, 93 NY2d 758, 763; Matter of Santucci v City of Mount Vernon, 165 AD3d 803, 803-804; Matter of Marshall v Simon, 160 AD3d 648). Unless the employee raises a material issue of fact as to whether the dismissal was in bad faith, for an illegal reason, or in violation of law, his or her employment may be terminated without a hearing or a statement of reasons (see Matter of Petkewicz v Allers, 137 AD3d 1045, 1046; Matter of Ward v Metropolitan Transp. Auth., 64 AD3d 719, 720; Matter of Cooke v County of Suffolk, 11 AD3d 610, 611). Speculative and/or conclusory allegations of misconduct or unlawfulness are insufficient to meet the employee's burden in this regard (see Matter of Petkewicz v Allers, 137 AD3d at 1046; Matter of Hayes v State of New York, 134 AD3d 843, 844).
Here, the petitioner failed to raise a material issue as to bad faith or any other improper reason for his termination. The record demonstrates that the termination had a rational basis and that his allegations to the contrary were speculative or conclusory. We note that we have not considered the petitioner's arguments in this regard that are raised for the first time on appeal or based on matter dehors the record (see American Airlines Fed. Credit Union v Costello, 161 AD3d [*2]819, 820-821; Guminiak v VGFC Realty II, LLC, 153 AD3d 681, 682). The petitioner's remaining contention is without merit. Accordingly, we agree with the Supreme Court's determination to deny the petition and dismiss the proceeding (see Matter of Petkewicz v Allers, 137 AD3d at 1046; Matter of Hayes v State of New York, 134 AD3d at 844).
We decline the respondents' request for an award of fees and additional costs based on the petitioner's references in his briefs to matter dehors the record.
BALKIN, J.P., CHAMBERS, COHEN and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court