Matter of Village of Walden v Village of Walden Police Benevolent Assn., Inc. (2022 NY Slip Op 06706)

Matter of Village of Walden v Village of Walden Police Benevolent Assn., Inc.

2022 NY Slip Op 06706

Decided on November 23, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 23, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LINDA CHRISTOPHER
PAUL WOOTEN
LILLIAN WAN, JJ.

2019-13889
 (Index No. 4737/19)

[*1]In the Matter of Village of Walden, respondent,
v
Village of Walden Police Benevolent Association, Inc., appellant.

Barnes, Iaccarino & Shepherd, LLP, Elmsford, NY (Steven H. Kern of counsel), for appellant.
Feerick Nugent MacCartney PLLC, South Nyack, NY (Brian D. Nugent of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to CPLR article 75 to permanently stay arbitration, the Village of Walden Police Benevolent Association, Inc., appeals from an order the Supreme Court, Orange County (Maria Vazquez-Doles, J.), dated October 10, 2019. The order granted the petition to permanently stay arbitration and denied the cross petition to compel arbitration.
ORDERED that the order is affirmed, with costs.
In 2015, the Village of Walden entered into a collective bargaining agreement (hereinafter the CBA) with the Village of Walden Police Benevolent Association, Inc. (hereinafter the PBA). Thereafter, four members of the PBA applied to the Village, pursuant to the provisions of the CBA, for benefits pursuant to General Municipal Law § 207-c. After the Village denied the applications, the PBA requested, pursuant to the CBA, hearings to review the determinations, and the Village unilaterally named a hearing officer to preside over the hearings.
In May 2019, the PBA filed a demand for arbitration with the Public Employment Relations Board (hereinafter PERB), challenging the Village's denials of the members' applications. The Village commenced this proceeding to permanently stay the arbitration, contending that its denials of the applications for benefits pursuant to General Municipal Law § 207-c were not arbitrable. The PBA cross-petitioned to compel arbitration, asserting, inter alia, that the Village had violated the CBA by unilaterally selecting a hearing officer to preside over the hearings to review the Village's denials of the members' applications for benefits. In an order dated October 10, 2019, the Supreme Court granted the petition and denied the cross petition. The PBA appeals.
"'Public policy in New York favors arbitral resolution of public sector labor disputes'" (Matter of City of New Rochelle v Uniformed Fire Fighters Assn., Inc., Local 273, I.A.F.F., 206 AD3d 727, 728, quoting Matter of County of Nassau v Detectives Assn., Inc. of the Police Dept. of Nassau County, 188 AD3d 1049, 1050). "'However, a dispute between a public sector employer and an employee is only arbitrable if it satisfies a two-prong test'" (Matter of City of New Rochelle v Uniformed Fire Fighters Assn., Inc., Local 273, I.A.F.F., quoting Matter of County of Nassau v Detectives Assn., Inc. of the Police Dept. of Nassau County, 188 AD3d at 1050). [*2]"In determining whether a grievance is arbitrable, a court must 'first ask whether there is any statutory, constitutional or public policy prohibition against arbitration of the grievance,' and if there is no prohibition against arbitration, the court must 'then examine the CBA to determine if the parties have agreed to arbitrate the dispute at issue'" (Matter of City of New Rochelle v Uniformed Fire Fighters Assn., Inc., Local 273, I.A.F.F., quoting Matter of City of Yonkers v Yonkers Fire Fighters, Local 628, IAFF, AFL-CIO, 176 AD3d 1197, 1198 [internal quotation marks omitted]).
Contrary to the PBA's contention, the issue of the initial selection of hearing officers for hearings to review the Village's determinations of applications for benefits pursuant to General Municipal Law § 207-c is not arbitrable. The provisions of the CBA only permit arbitration regarding the selection of the hearing officers when the named officer can no longer serve and the parties cannot agree on a replacement officer. Thus, the parties did not agree to arbitrate the initial selection of a hearing officer (see Rutella v National Sec. Corp., 172 AD3d 1124, 1126; Matter of County of Monroe [Civil Serv. Empls. Assn., Inc., Local 828, Unit 7423], 151 AD3d 1623, 1624; Matter of Pictet Funds [Europe] S.A. v Emerging Mgrs. Group, L.P., 147 AD3d 669, 670). Contrary to the PBA's further contentions, the provision of the CBA requiring the parties to mutually agree upon a hearing officer or file a demand for such with PERB did not apply, as the PBA failed to demonstrate that the parties mutually agreed to remove the hearing officer named by the Village.
The PBA's remaining contentions are without merit.
CONNOLLY, J.P., CHRISTOPHER, WOOTEN and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court