Matter of Town of Greenburgh v Civil Serv. Employees Assn., Inc., Local 1000 (2025 NY Slip Op 06711)

Matter of Town of Greenburgh v Civil Serv. Employees Assn., Inc., Local 1000

2025 NY Slip Op 06711

Decided on December 3, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 3, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
LINDA CHRISTOPHER
LILLIAN WAN
DONNA-MARIE E. GOLIA, JJ.

2023-11578
 (Index No. 59352/23)

[*1]In the Matter of Town of Greenburgh, respondent,
v
Civil Service Employees Association, Inc., Local 1000, AFSCME, AFL-CIO, Westchester County Local 860, Town of Greenburgh Unit, appellant.

Charny & Wheeler P.C., Rhinebeck, NY (H. Joseph Cronen and Nathaniel K. Charny of counsel), for appellant.
Vincent Toomey, Lake Success, NY (Thomas J. Marcoline of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to CPLR article 75 to permanently stay arbitration, Civil Service Employees Association, Inc., Local 1000, AFSCME, AFL-CIO, Westchester County Local 860, Town of Greenburgh Unit appeals from an order of the Supreme Court, Westchester County (Thomas Quiñones, J.), dated September 19, 2023. The order granted the petition to permanently stay arbitration and denied the cross-petition to compel arbitration.
ORDERED that the order is affirmed, with costs.
An employee of the Town of Greenburgh was promoted to the position of general foreman on a probationary basis and then reassigned to his former position during the probationary period. The employee subsequently filed a grievance with the Town. Civil Service Employees Association, Inc., Local 1000, AFSCME, AFL-CIO, Westchester County Local 860, Town of Greenburgh Unit (hereinafter CSEA) filed a demand for arbitration on behalf of the employee. In April 2023, the Town commenced this proceeding pursuant to CPLR article 75 to permanently stay arbitration. CSEA opposed the petition and cross-petitioned to compel arbitration. The Supreme Court granted the Town's petition and denied CSEA's cross-petition. CSEA appeals.
"'Public policy in New York favors arbitral resolution of public sector labor disputes'" (Matter of City of New Rochelle v Uniformed Fire Fighters Assn., Inc., Local 273, I.A.F.F., 206 AD3d 727, 728, quoting Matter of County of Nassau v Detectives Assn., Inc. of the Police Dept. of Nassau County, 188 AD3d 1049, 1050; see Matter of Village of Walden v Village of Walden Police Benevolent Assn., Inc., 210 AD3d 990, 991). "'However, a dispute between a public sector employer and an employee is only arbitrable if it satisfies a two-prong test'" (Matter of City of Yonkers v Yonkers Fire Fighters, Local 628, IAFF, AFL-CIO, 167 AD3d 599, 600, quoting Matter of City of Yonkers v Yonkers Fire Fighters, Local 628, IAFF, AFL-CIO, 153 AD3d 617, 617-618; see Matter of Town of N. Hempstead v Civil Serv. Empls. Assn., Inc., Local 1000, 164 AD3d 1348, 1349). "'In determining whether a grievance is arbitrable, a court must first ask whether there is any statutory, constitutional or public policy prohibition against arbitration of the grievance, [*2]and if there is no prohibition against arbitration, the court must then examine the [collective bargaining agreement] to determine if the parties have agreed to arbitrate the dispute at issue'" (Matter of Village of Walden v Village of Walden Police Benevolent Assn., Inc., 210 AD3d at 991 [internal quotation marks omitted], quoting Matter of City of New Rochelle v Uniformed Fire Fighters Assn., Inc. Local 273, I.A.F.F, 206 AD3d at 728; see Matter of County of Nassau v Detectives Assn., Inc. of the Police Dept. of Nassau County, 188 AD3d at 1050).
The Supreme Court properly found that public policy prohibits arbitration of the subject grievance. "'An employee's probationary appointment may be terminated . . . for any reason or no reason at all, so long as the termination was not in bad faith or for an improper or impermissible reason'" (Matter of Young v City of New York, 221 AD3d 721, 722, quoting Matter of Trager v Suffolk County, 185 AD3d 697, 698). "'[A] probationary employee may be discharged without a hearing and without a statement of reasons in the absence of any demonstration that the dismissal was in bad faith, for a constitutionally impermissible reason or an illegal purpose, or in violation of statutory or decisional law'" (Matter of Hayes v State of New York, 134 AD3d 843, 844, quoting Matter of Robinson v Health & Hosps. Corp., 29 AD3d 807, 808; see Matter of York v McGuire, 63 NY2d 760, 761).
Here, the employee was not discharged from his employment, and he did not allege that his reassignment to his former position was for a constitutionally impermissible purpose or in violation of statutory or decisional law. Nor is a reassignment from a probationary position to one's former position a punishment pursuant to Civil Service Law § 75 (see Matter of Patel v New York City Hous. Auth., 26 AD3d 172, 174). Moreover, Civil Service Law § 63(2) provides that the state civil service commission and municipal civil service commissions shall "provide by rule for the conditions and extent of probationary service." Pursuant to this statute, the Westchester County Department of Human Resources set forth the conditions of probationary appointment in Civil Service Rule 11. Thus, requiring the Town to follow for-cause procedures before exercising its discretion in reassigning a probationary employee during the probationary period would be against the purpose of probationary terms, as well as against the policy of allowing the Town to exercise its discretion in maintaining its work force (see Matter of Buffalo Police Benevolent Assn. [City of Buffalo], 4 NY3d 660, 664; Matter of City of Long Beach v Long Beach Professional Fire Fighters Assn., Local 827, 161 AD3d 855, 858).
Furthermore, contrary to CSEA's contention, the parties had not agreed to arbitrate the subject grievance. Arbitration is a creature of contract (see Matter of Brady v Williams Capital Group, L.P., 14 NY3d 459, 465; Credit Suisse First Boston Corp. v Pitofsky, 4 NY3d 149, 155). If the court determines that the parties did not make an agreement to arbitrate, "that concludes the matter and a stay of arbitration will be granted or the application to compel arbitration will be denied" (Matter of County of Rockland [Primiano Constr. Co.], 51 NY2d 1, 7; see Matter of City of New Rochelle v Uniformed Fire Fighters Assn., Inc., Local 273, I.A.F.F., 206 AD3d at 729). Where the relevant arbitration provision of a collective bargaining agreement (hereinafter the CBA) is broad, a court should merely determine whether there is a reasonable relationship between the subject matter of the dispute and the general subject matter of the CBA (see Matter of County of Nassau v Detectives Assn., Inc. of the Police Dept. of Nassau County, 188 AD3d at 1050; Matter of City of Yonkers v Yonkers Fire Fighters, Local 628, IAFF, AFL-CIO, 176 AD3d 1197, 1199). If there is none, the issue, as a matter of law, is not arbitrable (see Matter of City of Yonkers v Yonkers Fire Fighters, Local 628, IAFF, AFL-CIO, 187 AD3d 900, 901).
Here, article XXIII, section 2(b) of the CBA specifically excludes from the definition of "Grievance" matters that are within the Town's "exclusive authority to act," which includes "the right of the Town to direct its work force, to make all decisions as to the operation of the Town system and its work force, . . . and all other rights normally inherent in the right of management." Thus, there is no reasonable relationship between the subject matter of the dispute, which involves decisions regarding the Town's work force that are within its exclusive authority to act, and the general subject matter of the CBA (see Matter of Village of Walden v Village of Walden Police Benevolent Assn., Inc., 210 AD3d at 992; Matter of Town of N. Hempstead v Civil Serv. Empls. Assn., Inc., Local 1000, 164 AD3d at 1350).
Accordingly, the Supreme Court properly granted the Town's petition to stay arbitration and denied CSEA's cross-petition to compel arbitration.
In light of the foregoing, CSEA's remaining contention need not be addressed.
BRATHWAITE NELSON, J.P., CHRISTOPHER, WAN and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court